UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELVIN BREAUX,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDICAL STAFF, et al.<br><br>    Defendants. | No. 1:23-cv-01244-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMSISAL OF ACTION<br><br>(ECF No. 6) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff's complaint in this action was filed on August 21, 2023.  (ECF No. 1.)

On January 12, 2024, the Court screened the complaint, found that Plaintiff failed to state a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint.  (ECF No. 5.)  Plaintiff failed to file an amended complaint or otherwise respond to the January 12, 2024 order.  Therefore, on February 21, 2024, the Court issued an order for Plaintiff to show cause why the action should not be dismissed.  (ECF No. 6.)  Plaintiff has failed to respond to the order to show cause and the time to do so has now passed.  Accordingly, dismissal of the action is warranted.

///

1

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**SUMMARY OF ALLEGATIONS**

The Court accepts Plaintiff's allegations in his first amended complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff names unknown medical staff and deputies at Lerdo Pre-Trial Facility, as Defendants.

On or about January 27 or January 28, 2022, Plaintiff was housed in E-Pod cell 510. On either January 27 or January 28, 2022, Plaintiff suffered approximately 10 seizures in his cell. Other inmates advised Plaintiff of the seizures and the fact that he was not taken to the infirmary by medical or deputies. When responding to Plaintiff's cell, medical staff and/or deputies would attempt to have Plaintiff put himself on a gurney seeing that Plaintiff was responsive and out of the initial seizure. However, it was not recognized that Plaintiff was not totally coherent. Because Plaintiff is incompetent, he could not mentally understand what was happening. As a result, Plaintiff was left in his cell without any medical treatment for his seizures. Medical staff and deputies returned to Plaintiff's cell about four or five times throughout the day and repeated the same procedure.

The last time medical staff and deputies responded to Plaintiff's cell they brought a refusal form for Plaintiff to sign due to his incoherent refusal to get on a medical gurney. Two days after Plaintiff suffered the seizures, he was escorted to the infirmary by deputy S. Fernandez for evaluation. As Plaintiff was speaking to the nurse, he asked about the improper way the officers handled the situation and she showed Plaintiff the refusal form that he signed. Ms. Trap from the mental health department escorted Plaintiff to an empty room within the infirmary to speak and calm him down. At that time, a sergeant spoke with Plaintiff and Ms. Trap about why Plaintiff was so irrational, who said he would look into the matter. After Plaintiff started getting weekly therapy sessions with Ms. Trap, she admitted that the institution handled Plaintiff's medical emergency wrong. Plaintiff never heard anything from the sergeant.

### III.

### DISCUSSION

**A.     Deliberate Indifference to Serious Medical Need**

Deliberate indifference to a serious medical need violates the Eighth Amendment's prohibition against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by

WMX Techs, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  In the context of pretrial detainees, as here, an inmate's rights derive from the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment's Cruel and Unusual Punishments Clause. See Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)). Under the Fourteenth Amendment, a plaintiff's claim is evaluated under an objective deliberate indifference standard.

> [T]he elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon v. Cty. of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018) (internal quotations omitted).

Regarding the third element of the Gordon test, the "defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case." Id. This differs from the Eighth Amendment test for deliberate indifference to the medical needs of convicted inmates which requires that the "prison official must subjectively have a sufficiently culpable state of mind." Id. at 1125 n.4 (internal quotations omitted). Pretrial detainees like plaintiff need not prove the subjective elements of the Eighth Amendment deliberate indifference test, namely actually knowing of and consciously disregarding an excessive risk to inmate health or safety. Id.  Still, plaintiff must allege more than objectively negligent conduct to bring a constitutional claim.  Id. at 1125 (requiring pretrial detainee plaintiffs to "prove more than negligence but less than subjective intent—something akin to reckless disregard"). But again, to satisfy this quasi-reckless mental state element, pretrial detainees need only include allegations sufficient for the court to conclude that under an objective standard, a reasonable person in the official's position would have realized the high degree of risk—not that the official in question actually realized such risk. Gordon, 888 F.3d at 1125; see also Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (quoting Restatement

(Second) of Torts § 500 cmt. a (Am. Law Inst. 2016) commentary on showing "reckless disregard" under objective standard).

As before, "[i]ndifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks omitted). And alleging that there was disagreement—either from the plaintiff, or another medical provider—as to what medications to prescribe also remains insufficient, by itself, to establish deliberate indifference. See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (mere difference of medical opinion is insufficient, as a matter of law, to establish deliberate indifference); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (same). That said, after Gordon, for a pretrial detainee to state a claim based on "choices between alternative courses of treatment," he must only allege that the chosen course of treatment "was medically unacceptable under the circumstances," Toguchi, 391 F.3d at 1058—not that the chosen treatment was also chosen "in conscious disregard of an excessive risk to the prisoner's health," id.; see also Flentoil v. Santa Clara Cty. Dep't of Corr., No. 18-CV-03486-EMC, 2020 WL 571025, at *9 & n.6 (N.D. Cal. Feb. 5, 2020) (" 'Conscious disregard' simply is not a part of the Fourteenth Amendment's objective deliberate indifference test.").

In order to state a cognizable claim, Plaintiff must set forth factual allegations identifying individual acts or omissions by each person related to his medical treatment or conditions of confinement which resulted in a constitutional violation. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." ); Gordon, 888 F.3d at 1125 (in order to state a § 1983 claim for inadequate medical care or unconstitutional conditions of confinement a pre-trial detainee must plausibly allege that: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have

appreciated the high degree of risk involved - making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused plaintiff's injuries.")

In the instant complaint, Plaintiff does not identify any individual Defendant who knew of and deliberately ignored his need for treatment. Plaintiff states medical staff and/or deputies would attempt to have Plaintiff put himself on a gurney seeing that Plaintiff was responsive and out of the initial seizure, but it was not recognized that Plaintiff was incoherent. There are no allegations regarding any facts which plausibly allege any individual Defendant was aware of his need for treatment or that they knew Plaintiff was incoherent and made an intentional decision that amounted to deliberate indifference. In addition, allegations of differences of opinion over proper medical care, inadequate medical treatment, medical malpractice, or even gross negligence by themselves do not rise to the level of an Eighth or Fourteenth Amendment violation. See Farmer v. Brennan, 511 U.S. 825, 835 (1994) ("[N]egligen(ce) in diagnosing or treating a medical condition" does not amount to deliberate indifference), quoting Estelle, 429 U.S. at 105-06 (holding that "an inadvertent failure to provide medical care," allegations that "a physician has been negligent in diagnosing or treating a medical condition," or "medical malpractice" do not state an Eighth Amendment claim as "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." ); Toguchi, 391 F.3d at 1058 (a disagreement over the necessity or extent of medical treatment does not show deliberate indifference); Gordon, 888 F.3d at 1124-25 (a pre-trial detainee must show more than lack of due care or negligence).

### IV.

### FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

Here, the Court screened Plaintiff's complaint, and on January 12, 2024, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days.[1] (ECF No. 5.) Plaintiff did not file an amended complaint or otherwise respond to the Court's January 12, 2024 order. Therefore, on February 21, 2024, the Court ordered Plaintiff to

---

[1] The U.S. Postal Service returned the screening order as "undeliverable, Not in Custody" on January 29, 2024. Pursuant to Local Rule 182(f), if a pro se party fails to notify the court of a change of address, "service of documents at the prior address [of record] of the ... party shall be fully effective." L.R. 182(f).

show cause within fourteen (14) days why the action should not be dismissed.[2] (ECF No. 6.) Plaintiff failed to respond to the February 21, 2024 order and the time to do so has passed.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

///

---

[2] The U.S. Postal Service returned the order to show cause as "undeliverable, Not in Custody" on March 4, 2024. Pursuant to Local Rule 182(f), if a pro se party fails to notify the court of a change of address, "service of documents at the prior address [of record] of the ... party shall be fully effective." L.R. 182(f).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty days of January 12, 2024 and has not done so. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's January 12, 2024, order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order." (ECF No. 5.) In addition, the Court's February 21, 2024, order to show cause specifically stated: "Failure to comply with this order will result in a recommendation to dismiss the action for the reasons stated above." (ECF No. 6.) Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's order.

8

**V.**

**ORDER AND RECOMMENDATION**

The Court has screened Plaintiff's complaint and directed Plaintiff to file an amended complaint within thirty days. Plaintiff has failed to comply with the Court's order to file an amended and has not responded to the Court's order to show why the action should not be dismissed. In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to obey the January 12, 2024 and February 21, 2024 orders, failure to prosecute this action, and failure to state a cognizable claim for relief.

Accordingly, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to comply with a court orders, failure to prosecute, and failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 15, 2024**

UNITED STATES MAGISTRATE JUDGE